## In the Matter of CASTAWAYS/HIDDEN HARBOR PARTNERS, LTD., a Florida Limited Partnership, Debtor.

### Bankruptcy No. 85–51394.

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

Aug. 29, 1986.

Lewis E. Hassett, Atlanta, Ga., for debtor.

Joseph J. Burton, Jr., Atlanta, Ga., for Charles N. McGlamry.

### MEMORANDUM OPINION AND ORDER

ROBERT F. HERSHNER, Jr., Chief Judge.

On May 6, 1985, Castaways/Hidden Harbor Partners, Ltd., Debtor, filed its Chapter 11 bankruptcy case in the United States Bankruptcy Court for the Central District of California. On August 26, 1985, that court ordered the transfer of this Chapter 11 case to the United States Bankruptcy Court for the Middle District of Georgia.

On October 28, 1985, Charles N. McGlamry filed a "Motion for Preliminary Injunction Against Dissipation of Rents, for Accounting, and for Adequate Protection as to Use of Cash Collateral." The motion was settled by a consent order of this Court entered on November 19, 1985. The consent order provided generally that Debtor would segregate the rental income from the apartments, make certain payments, and make certain repairs to the apartment complexes. It represents an agreement by the parties that if the consent order is complied with, it would constitute adequate protection of Mr. McGlamry's interest in the apartments. It is apparent that Debtor did not comply with the terms of the November 19, 1985, consent order because on May 6, 1986, Mr. McGlamry filed a "Motion for Sanctions, to Implement Consent Order and for Other Relief." A hearing on the motion was scheduled for June 24, 1986. At that hearing, both parties were represented by counsel. The parties reached a negotiated settlement that was read into the record. The settlement was subsequently reduced to writing in the form of a consent order, which was entered by the Court on July 3, 1986. Paragraphs 1, 2, 3, 6, 7, and 8 of the consent order provide:

1. The Debtor shall pay $75,000.00 to the Creditor in care of Swift, Currie, McGhee & Hiers no later than June 25, 1986, and shall pay an additional $25,-000.00 to be received by the Creditor's counsel no later than July 1, 1986;

2. The Debtor shall pay the actual attorneys' fees and expenses incurred by the Creditor in connection with the bankruptcy proceedings, which fees and expenses shall not exceed $40,000.00, no later than July 31, 1986. The Creditor shall submit to the Debtor by July 15, 1986 the invoices for attorneys' fees and expenses that have actually been incurred and paid;

3. The Debtor shall make the July and August payments to the Creditor no later than the 4th and 15th of each month as provided in the respective Wrap Notes, without any allowance for the grace period provided in the Wrap Notes or Wrap Security Deed, except that the payment due on July 4, 1986 shall be received by the Creditor's coun-

sel in certified funds or a cashier's check no later than July 8, 1986;

. . . .

6. The Creditor shall be entitled to run foreclosure advertisements and proceed with foreclosure of the Property upon the dismissal of the bankruptcy case on either September 1 or October 1, 1986, or upon the lifting of the automatic stay and the dismissal of the bankruptcy case effective upon the Debtor's default under one or more of the provisions in the Consent Order;

7. The Debtor shall have the right and privilege to refinance the Property at any time prior to a foreclosure sale by the Creditor, with such refinancing amount to be based upon the payoff balance of the Wrap Notes calculated to include principal, simple interest and late charges. The right and privilege to refinance the Property shall entitle the Debtor to either obtain financing to satisy [sic] all existing mortgage debt or to satisfy the Wrap Notes only, provided that the Creditor is released from his guaranties on the Senior Notes and absolved and held harmless as to the payment of any debt remaining on the Property;

8. Upon the Debtor's failure to make any of the payments set forth herein or to comply with any other provision of the Consent Order, the automatic stay shall immediately be lifted to enable the Creditor to commence foreclosure proceedings, and the bankruptcy case shall stand dismissed with prejudice without further Order of the Court, subject to notice to all creditors and the opportunity for a hearing upon the filing of a timely objection to the dismissal. Dismissal with prejudice shall mean that the Debtor is prohibited from commencing another bankruptcy case before the Creditor has completed his foreclosure of the Property and the Debtor has been divested of all legal and equitable interest therein. . . .

By letter dated August 1, 1986, from James W. Dilz, one of the attorneys of record for Mr. McGlamry, the Court was advised that Debtor failed to timely make the $40,000 payment required by paragraph 2 of the July 3, 1986, consent order. By notice dated August 6, 1986, the Clerk of Court gave notice to all parties in interest of the automatic dismissal of Debtor's Chapter 11 case and of the automatic relief from the automatic stay. The notice provides in pertinent part:

The Consent Order expressly provides that the automatic stay shall immediately be lifted upon the Debtor's default, and the bankruptcy case shall stand dismissed with prejudice without further Order of Court, subject to notice to all creditors and an opportunity for a hearing with respect to the dismissal. . . .

NOTICE IS FURTHER GIVEN that the bankruptcy case shall stand dismissed with prejudice in accordance with the Consent Order as of the date of service of this Notice of Dismissal, unless a written objection is filed with the Clerk and served upon Joseph J. Burton, Jr., Swift, Currie, McGhee & Hiers, 771 Spring Street, N.W., Post Office Box 54247, Atlanta, Georgia 30379–2401, counsel for the Creditor no later than twenty (20) days after service of this Notice of Dismissal. Any such objection shall state with specificity the reasons for opposition to the dismissal. In the event that a timely objection is filed and served, a hearing on the issue of dismissal shall be held on August 29, 1986 at 3:30 p.m. in Room 124, United States Bankruptcy Courthouse, 475 Mulberry Street, Macon, Georgia.

On August 8, 1986, Debtor filed a timely objection to the notice of dismissal and also filed a "Motion to Reinstate the Automatic Stay." The objection and the motion came on for hearing before the Court on August 18, 1986. The Court continued the hearing until August 21, 1986. The Court, having considered the evidence presented and the arguments of counsel, now enters this memorandum opinion and order.

Under the terms of the July 3, 1986, consent order, Mr. McGlamry was required

to submit to Debtor on or before July 15, 1986, invoices to substantiate his attorneys' fees and expenses. The terms of the consent order provide that Debtor will reimburse Mr. McGlamry for his attorneys' fees and expenses to the extent of $40,000. Mr. McGlamry submitted the invoices for $40,000 of attorneys' fees and expenses on July 17, 1986, which was two days late. Debtor failed to pay the $40,000 on or before July 31, 1986. Debtor drew a check on its bank account for $40,000 on July 31, 1986, and sent the check to Mr. McGlamry by Federal Express, an overnight delivery service. Mr. McGlamry received the check from Debtor on August 1, 1986, one day late, and he returned the check as not being timely tendered. The terms of the consent order also required Debtor to make a mortgage payment on or before August 4, 1986, and it is undisputed that Debtor tendered this payment one day late. Mr. McGlamry, therefore, did not accept the August 4, 1986, mortgage payment.

Mr. McGlamry presented some evidence that when Debtor tendered the check for the $40,000 in attorneys' fees and expenses and the check for the August 4, 1986, mortgage payment, Debtor may have had insufficient funds in its checking account to cover the checks if Mr. McGlamry had presented them to the bank on the day of tender. The Court is persuaded, however, that if Mr. McGlamry had presented the checks for payment, through regular banking practices, the checks would have cleared.

Neither Debtor nor Mr. McGlamry offered any excuse for not complying with the strict time requirements of the July 3, 1986, consent order. Despite his failure to comply with the strict time requirements, Mr. McGlamry demands that this Court enforce the time requirements of the July 3, 1986, consent order against Debtor. Debtor asks that the automatic stay be reinstated and objects to the dismissal of its Chapter 11 case.

The Court, in considering the relief which Debtor seeks, must first look to the legal effect of the July 3, 1986, consent order. In *United States v. ITT Continental Baking Co.*,[1] the Supreme Court stated that "since consent decrees and orders have many of the attributes of ordinary contracts, they should be construed basically as contracts...." 420 U.S. at 236–37, 95 S.Ct. at 934 (footnote omitted). *See also Browning v. Navarro*, 743 F.2d 1069, 1080 (5th Cir.1984); *Official Creditors Committee of Stratford of Texas, Inc. v. Stratford of Texas, Inc. (In re Stratford of Texas, Inc.)*, 635 F.2d 365, 368 (5th Cir. Jan. 26, 1981);[2] *Eaton v. Courtaulds of North America, Inc.*, 578 F.2d 87, 90 (5th Cir. 1978). A consent order "is to be enforced in accord with the intent of the parties, and it can be vacated according to basically contractual principles of fraud, ignorance, mistake, or mutual breach." 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4443 (1981) (footnotes omitted). The issue presented, therefore, should be treated as a matter of contractual interpretation. *ITT Continental Baking Co.*, 420 U.S. at 238, 95 S.Ct. at 935; *Browning*, 743 F.2d at 1081; *In re Stratford of Texas, Inc.*, 635 F.2d at 368; *Eaton*, 578 F.2d at 90.

The Court must decide whether Debtor's failure to make timely payments as provided for in the consent order constitutes a breach which allows Mr. McGlamry to insist upon the automatic relief provisions of the consent order. Under general contract law, "[a]ny failure to perform a contractual duty which has become absolute constitutes a breach." J. Calamari & J. Perillo, *The Law of Contracts* § 12–1 (2d ed. 1977) (footnote omitted); Restatement (Second) of Contracts § 235(2) (1981). The evidence shows that until July 15, 1986, both Debtor and Mr. McGlamry strictly complied with

---

**1.** 420 U.S. 223, 95 S.Ct. 926, 43 L.Ed.2d 148 (1975).

**2.** Although this United States Bankruptcy Court sits in the Eleventh Circuit, it is bound by all decisions of the former Fifth Circuit handed down prior to the close of its business on September 3, 1981. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981).

the terms of the consent order. Mr. McGlamry, however, breached the consent order when he did not submit the invoices for attorneys' fees and expenses to Debtor by July 15, 1986. The evidence shows that Mr. McGlamry submitted the invoices to Debtor on July 17, 1986, two days late. Debtor subsequently breached the consent order when it did not tender payment to Mr. McGlamry on the invoices by July 31, 1986. The evidence shows that Debtor tendered payment on August 1, 1986, one day late. Mr. McGlamry did not accept this tender and notified Debtor by letter that he insisted on strict compliance with the terms of the consent order.

Despite Mr. McGlamry's insistence on strict compliance with the terms of the consent order, the Court finds that general principles of contract law bar Mr. McGlamry, as the first party who breached a time requirement in the consent order, from subsequently complaining of Debtor's breach of a time requirement. *See* 17A C.J.S. *Contracts* §§ 407, 457, 458 (1963); 17 Am.Jur.2d *Contracts* § 365 (1964); 6 S. Williston, *A Treatise on the Law of Contracts* § 882 (3d ed.1962); *Westinghouse Electric Corp. v. Garrett Corp.*, 601 F.2d 155, 158 (4th Cir.1979). In presenting the invoices to Debtor untimely, Mr. McGlamry, by his conduct, indicated that he did not intend to comply strictly with the time requirements of the consent order. *See* A. Corbin, *Corbin on Contracts* § 754 (1952); 17A C.J.S. *Contracts* § 506(1)(a) (1963).

This Court, as a court of equity, will not enforce the time requirements against Debtor when Mr. McGlamry has also failed to adhere to the time requirements. *See generally* E. Farnsworth, *Contracts* § 8.7 (1982). Enforcement of the time requirements not only would be inequitable, but under the circumstances of this case would harm other parties in interest. Debtor offers to make all payments required under the consent order and has presented evidence that there is a good chance that Debtor will be able to present a confirmable Chapter 11 plan. To grant the relief that Debtor seeks will only result in Mr. McGlamry's rights being delayed for some sixty days,[3] and the Court must be mindful that a successful Chapter 11 plan would result in other parties in interest being paid. Should Mr. McGlamry foreclose on the apartment complexes, unsecured creditors would receive nothing on their claims. Because Debtor stands ready to immediately make all payments required by the July 3, 1986, consent order, the Court is persuaded that equity requires that the relief sought by Debtor be granted.

Accordingly; it is

ORDERED that the "Objections to Notice of Dismissal" filed by Debtor on August 8, 1986, be and hereby is sustained; and it is further

ORDERED that the "Motion to Reinstate the Automatic Stay" be and hereby is granted; and it is further

ORDERED that Debtor's Chapter 11 case continue in accordance with the provisions of Chapter 11 of the Bankruptcy Code; and it is further

ORDERED that the automatic stay of section 362 of the Bankruptcy Code[4] be and hereby is reinstated.

---

**3.** Mr. McGlamry presented testimony about the deteriorating condition of the apartment complexes, but the Court is persuaded that this is a condition which has been developing over several years. The delay which results from this order will not accentuate that condition, and there is sufficient equity in the complexes to protect Mr. McGlamry's interest.

**4.** 11 U.S.C.A. § 362 (West 1979 & Supp.1986).